UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE N. BETETA, | Case No. 1:13-cv-00746-AWI-DLB PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| v. | |
| MATTEW CATE, et al., | ECF No. 1 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.    Background**

Plaintiff Jose N. Beteta ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On May 20, 2013, Plaintiff filed his original complaint, which is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff is incarcerated at California State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Matthew Cate (Warden), Caro (correctional officer), and Doe Defendant (Caro's supervisor).

Plaintiff alleges the following. Defendant Caro lost Plaintiff's property, which included a TV, CD player, fan, CDs, adapters, headphones, a hot pot, and all legal paperwork for his pending criminal case. Defendant Caro's supervisor granted Plaintiff's first appeal, but he refused to reimburse Plaintiff the total amount of money for his property. Plaintiff received the same result in the second and third level of appeals. Plaintiff's paid $700 for the lost property.

Plaintiff requests monetary damages as relief.

## III.  Analysis

### A.  Due Process—Property Deprivation

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law, and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895). Accordingly, Plaintiff fails to state a due process claim for the loss of his property.

///

///

### B. Supervisory Liability

Plaintiff names Warden Matthew Cate and Defendant Caro's supervisor as Defendants. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges no facts which indicate that any supervisory defendants personally participated in the alleged deprivation of constitutional rights or knew of violations and failed to act to prevent them. Accordingly, Plaintiff fails to state any claim against Defendant Cate or Doe Defendant supervisor.

### IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE